IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., : | CIVIL ACTION |
|     Plaintiff : | |
| : | |
| v. : | |
| : | |
| JOHN DOE, et al., : | NO. 17-3861 |
|     Defendant : | |

## MEMORANDUM

SÁNCHEZ, J.                                                                                        OCTOBER    , 2017

The defendants in this case seek to remove an ejectment action to this Court. For the following reasons, the Court will remand this case to the Montgomery County Court of Common Pleas.

### I.  FACTS AND PROCEDURAL HISTORY

On August 22, 2016, Wells Fargo Bank N.A. as trustee for Option One Mortgage Loan Trust 2003-3, Asset-Backed Certificates, Series 2003-3, filed an ejectment action against individuals living at 1019 Southampton Ave. Wyndmoor, Pennsylvania. A deed attached to the complaint reflects that Wells Fargo, as trustee, is the owner of the property. At the time this case was removed on August 28, 2017, the Dauphin Family Trust, Samuel Dauphin, Marlene Marie Dauphin, Mike John, a John Doe defendant and other unknown occupants/tenants were listed as defendants on the state court docket. Samuel Dauphin, Marlene Marie Dauphin, and Mike John filed the notice of removal on their own behalf and "as trustee[s] ad litem" for the Dauphin Family Trust Association. They seek to remove this case on the basis of the court's diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441. The defendants did not pay the $350 filing fee and $50 administrative fee, but Mr. Dauphin filed a motion for leave to proceed *in forma pauperis*.

1

Wells Fargo filed a motion to remand and for costs and expenses, including counsel fees, incurred as a result of the removal. Wells Fargo alleges that removal is inappropriate for several reasons. First, Wells Fargo alleges the defendants may not remove this action to federal court based on the Court's diversity jurisdiction because they are citizens of Pennsylvania. *See* 28 U.S.C. § 1441(b)(2). Second, Wells Fargo alleges that the complaint was not removed in a timely fashion. Third, Wells Fargo alleges that the notice of removal fails to adequately establish that the amount in controversy in this case exceeds $75,000.

Defendants Samuel Dauphin and Marlene Dauphin filed an opposition in which they argue that Wells Fargo lacks standing to move for remand "as they were substituted by 'Option One Mortgage Loans' or somesuch," and that the real party in interest, Option One Mortgage, has waived its right to object to the removal.[1] (Opp'n at 1.) They also challenge the underlying ejectment action on its merits and question whether they will receive justice in the state courts. Defendants allege that the "one year bar is wholly inapplicable as the case was **always removable** from the beginning." (*Id.* at 4.) Regarding diversity, they allege that Wells Fargo is a citizen of California or South Dakota and note that the family trust association is a resident of Maryland in addition to Pennsylvania. Defendants do not dispute the fact that they are citizens of Pennsylvania, but note that "addresses and appearance are merely formatting; anyone can reside anywhere they like . . . ." (*Id.*) Nevertheless, they refer to the 1019 Southampton Ave. Wyndmoor, Pennsylvania as their "home of many years."[2] (*Id.* at 3.)

---

[1] It appears that Samuel and Marlene Dauphin intended to file their opposition on behalf of all of the defendants. For ease of reference, the Court will refer to the opposition as the "defendants' opposition."

[2] Wells Fargo moved to file a reply brief. The Court will grant that motion.

2

## II. DISCUSSION

A party bringing a lawsuit in federal court, whether by original process or removal, is obligated to either pay the applicable fees or seek leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. The Dauphin Family Trust Association may not proceed *in forma pauperis* in this case because "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). Although the individual defendants may proceed *in forma pauperis* and represent themselves, each individual defendant is required to file his or her own motion to proceed *in forma pauperis*. However, only Samuel Dauphin has filed a motion for *in forma pauperis* status even though Marlene Marie Dauphin and Mike John all signed the notice of removal. Nevertheless, as it is apparent that Mr. Dauphin is entitled to *in forma pauperis* status, the Court will grant him leave to proceed *in forma pauperis* and direct the Clerk of Court to file the notice of removal.

### A. Removal is Improper

Remand is required here.[3] "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). The defendants allege that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides for federal jurisdiction when parties are citizens of different states and the amount in controversy exceeds $75,000. However, "[a] civil action otherwise removable solely on the basis of the

---

[3] The Court rejects the defendants' argument that Wells Fargo lacks standing to move for remand, which appears to be grounded on their belief that Wells Fargo lacks a legal basis for filing the ejectment action. Wells Fargo is the plaintiff in this case. Accordingly, it is appropriate for Wells Fargo to file for remand.

3

jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). It is apparent from the notice of removal and the parties' filings that the individual defendants are citizens of Pennsylvania. Indeed, defendants' opposition describes the 1019 Southampton Ave. address in Wyndmoor, Pennsylvania as their "home of many years." (Opp'n at 3.) Accordingly, remand is required regardless of the citizenship of the other parties.[4]

## B. The Court Declines to Require Payment of Costs and Fees

The Court will deny Wells Fargo's request for costs and fees associated with the removal. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

---

[4] The Court need not determine the citizenship of the Dauphin Family Trust—or whether that entity was properly joined—as remand is appropriate here regardless of those issues. Furthermore, as non-attorneys proceeding *pro se*, Samuel Dauphin, Marlene Marie Dauphin, and Mike John may not represent the Dauphin Family Trust Association. Although individuals who are not attorneys may prosecute "their own cases" *pro se* in federal court, pursuant to 28 U.S.C. § 1654, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Indeed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities," including trusts. *Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006) (quoting *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)); *see also In re Olick*, 571 F. App'x 103, 105 (3d Cir. 2014) (per curiam) ("[A]s Olick recognizes, he may not represent the Trust in federal court because he is not an attorney and without counsel the Trust may not appear in federal court"); *Mitchelle Art 89 Tr. v. Astor Alt, LLC*, No. 1:15-CV-00463-WSD, 2015 WL 4394887, at *2 (N.D. Ga. July 15, 2015) ("A trustee, though authorized by Fed.R.Civ.P. 17(a) to bring suit on behalf of the trust, cannot litigate *pro se*.").

4

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* However, district courts retain discretion in determining whether to award fees in a given case. *Id.*

It is understandable how the defendants could have believed diversity of citizenship provided a basis for jurisdiction in light of their pro se status, even though they apparently neglected to review other parts of the removal statute that precluded removal here. The Court is sympathetic to Wells Fargo's concerns about delay in this case. However, in light of the defendants' pro se status, the Court is not inclined to award costs or fees. *See Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, No. 15-CV-5303 PGS TJB, 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) (denying request for fees even where removal was "improper" because plaintiff was "acting *pro se,* and the court generally grants *pro se* litigants more latitude than it would an attorney admitted to practice before this court"); *Fed. Nat. Mortg. Ass'n v. Allen*, No. 2:13-CV-483, 2013 WL 5146201, at *6 (W.D. Pa. Sept. 13, 2013) ("Although it appears that Allen lacked an objectively reasonable basis for removing this action to federal court, she is proceeding pro se, and FNMA has not provided any argument or supporting documentation to show that Allen was aware of this standard."). If the defendants should again attempt removal, they are now on notice that removal is improper and that fees may be awarded accordingly. *See Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) (per curiam) ("Duffy's second Notice of Removal was plainly unreasonable given the District Court's disposition of his first Notice of Removal."); *HSBC Bank USA, N.A. v. Ruffolo*, No. CV152891MASTJB, 2015 WL 9460560, at *4 (D.N.J. Dec. 23, 2015) ("Defendants' bad faith in removing this case for a second time also weighs in favor of awarding fees under § 1447(c)."); *Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (taxing

costs and fees against pro se litigant where the "Court [was] well aware of Defendants' pattern of delay").

### III. CONCLUSION

For the foregoing reasons, the Court will grant Wells Fargo's motion to remand this action to the Montgomery County Court of Common Pleas and deny Wells Fargo's request for costs and fees. An appropriate order follows, which shall be docketed separately.